IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ORKIN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3305 |
| | ) | |
| ALAN DEARMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court for hearing on Plaintiff Orkin, Inc.'s (Orkin) Motion for Temporary Restraining Order (d/e 4) (Motion). Orkin appeared by its attorney Gary M. Smith. Defendant Sentinel Insect Control Laboratory, Inc., appeared by its attorneys Thomas Wilson and Mark Cullen. Defendants Alan Dearman and Fred Davis appeared in person pro se. Upon consideration of the Verified Complaint (d/e 1), the Motion and the supporting documents, the statements of counsel, and the pro se Defendants Dearman and Davis, the Court allowed the Motion in part for reasons stated of record in open court.

THEREFORE, Orkin, Inc.'s Motion for Temporary Restraining Order

1

(d/e 4) was ALLOWED in part, as follows:

I.   Defendant Alan Dearman was restrained from doing any of the following:

(A) disclosing any confidential information of Orkin, Inc., including but not limited to, the identity of customers, the pricing of services, or methods of operation;

(B) soliciting customers of Orkin, Inc., for pest control services or other services provided by Orkin, Inc.;

(C) soliciting employees of Orkin, Inc.; or

(D) assisting any other person or entity, directly or indirectly, in performing any of the activities identified in (A), (B), and (C) above.

II.   Defendant Sentinel Insect Control Laboratory, Inc., was restrained from directly or indirectly using the assistance of Defendant Alan Dearman or any information acquired from Defendant Alan Dearman to solicit:

(A) customers of Orkin, Inc.; or

(B) employees of Orkin, Inc.

The Court denied the Motion as to Defendant Fred Davis.

Orkin, Inc. was ordered to post a bond in the amount of $1,000.00. With the consent of the parties, the Court ordered that this restraining

order will remain in full force and effect until the hearing on the preliminary injunction. The hearing on the preliminary injunction was set for February 1, 2008, at 2:00 p.m. The parties were authorized to conduct discovery prior to the preliminary injunction hearing. The matter was referred to United States Magistrate Judge Charles H. Evans to set a discovery schedule.[1]

IT IS THEREFORE SO ORDERED.

ENTER:     November 16    , 2007.

       FOR THE COURT:

                               s/Jeanne E. Scott
                               JEANNE E. SCOTT
                               UNITED STATE DISTRICT JUDGE

---

[1] At the hearing, the Court inadvertently directed the parties to United States Magistrate Judge Byron G. Cudmore, but the case has been assigned to Judge Evans for pretrial matters.