E-FILED
Friday, 11 January, 2008  04:15:09 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| ORKIN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-3305 |
| | ) |
| ALAN DEARMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Plaintiff's Motion to Remove Attorneys' Eyes Only Designations (d/e 36), Memorandum in support thereof (d/e 37), Defendant Sentinel Insect Control Laboratory, Inc.'s Response (d/e 38) *(hereinafter "Sentinel")*, and Plaintiff's Reply (d/e 40) as ordered by the Court.  The Court has also reviewed d/e 41, the sealed documents that are subject to the issues raised in the Motion (d/e 36).  The Court has also reviewed in full the Protective Order entered herein (d/e 33).

Starting with the Protective Order (d/e 33), the Plaintiff and the Defendants specifically agreed as follows:  "The parties may specifically

designate as 'attorneys' eyes only' any documents, information, or materials of a competitively sensitive nature by placing in a conspicuous location a stamp bearing the legend 'attorneys' eyes only'.  Information that may be appropriate for such a designation includes, but is not necessarily limited to, listing of existing customers, lists of potential customers containing non-public information, or non-public financial information regarding pricing, internal costs, or profits."   The history of the negotiations of the Protective Order is set forth, at least in part, in Response (d/e 38) (see page 5).

From the Court's review of the sealed documents (d/e 41), it is clear these records are actual customer lists of Sentinel that were served by Dearman, as well as daily contact report sheets prepared by Davis and Diamond.  The Dearman customer lists also contain pricing information.

The Court appreciates Sentinel's candor in Response (d/e 38) at page six, wherein it is stated:   "To the extent that there is overlap and the name of the customer or potential customer on one of Sentinel's lists is an Orkin customer, we would agree to removing the attorneys eyes only

designation as to that individual page because the question as to how that business was identified as a customer or potential customer by Sentinel may be relevant."

The Court agrees with Sentinel that a process needs to be put in place by the Court to implement the above suggestion. With the above said, the Court adopts the procedures from <u>Seaga Manufacturing, Inc. v. Fortune Resources Enterprises, Inc.</u>, 2002 U.S. Dist. LEXIS 20390 (N.D.Ill. 2002) cited on pages eight and nine of Response (d/e 38). In <u>Seaga</u>, plaintiff's counsel was directed to obtain a list of plaintiff's customers to allow plaintiff's counsel to compare plaintiff's customer list to see what matched defendant's production. Herein, that same procedure must be employed by Plaintiff. The Court understands this may be a labor intensive project for Plaintiff's counsel, however, Plaintiff having agreed to the protective order language cited above is bound by it. In addition, the Court believes this to be the fairest procedure to protect the interest of all parties herein.

WHEREFORE, under the above procedure, Plaintiff's Motion to Remove Attorneys' Eyes Only Designations (d/e 36) is ALLOWED ONLY as to former and current customers of Plaintiff and those records shall have a "confidential" label pursuant to the Protective Order (d/e 33). As to all of

the other business records in d/e 41 that do not relate to Plaintiff's former or current customers, those records retain the "attorneys' eyes only" label under the Protective Order (d/e 33).

ENTER:   January 11, 2008

                                        s/ Byron G. Cudmore
                                  _____
                                        BYRON G. CUDMORE
                           UNITED STATE MAGISTRATE JUDGE